Kunkle, J.
In the common pleas court three cases, numbered respectively 10341, 10506 and 10563, were submitted together.
We shall not attempt to state the facts involved in each of these cases in detail. It is unnecessary, as counsel are thoroughly familiar with the same.
*394 In brief, howevér, in case No. 10341 Elva Loney brought suit against W. W. Walkey, as administrator of the estate of Julia A. Loney, deceased, and sought to recover judgment and possession of certain personal property which was in the hands of Julia A. Loney at the time of her death and which came to her from the estate of her husband, Reuben C. Loney.
Elva Loney in his petition alleged in. substance that under a contract and power of attorney executed by Reuben C. Lone}^ he, the plaintiff, was entitled to the property after the death of said Julia A. Loney.
The prayer of the petition is as follows:
“Wherefore plaintiff prays that there may be ordered and adjudged that the defendant W. W. Walkey, as Administrator, of the estate of Julia A. Loney, deceased, pay to him the sum of $4,393.91 together with interest on the same from June 10th, 1910, and to turn over to him or cancel all notes executed by him to Reuben C. Loney or to his estate.”
Case No. 10506 is an appeal from an order made by the probate court of Knox county in the matter of the estate of Reuben C. Loney, overruling a motion made by Elva Loney, one of the executors of Reuben C. Loney, asking leave to open up and correct the first partial account of the executors of Reuben C. Loney, deceased, and also overruling in all substantial particulars the exceptions filed by Elva Loney to the affidavit of W. W. Walkey, administrator of the estate of Julia A. Loney, in lieu of a final account by such administrator.
*395 Case No. 10563 was also an appeal from an order of the probate court of Knox county sustaining the exceptions of WOW. Walkey, as administrator of the estate of Julia A. Loney, deceased, to the second partial account of Elva Loney, executor under the will of Reuben C. Loney, and making a finding against said Elva Loney upon the said second partial account.
The principal controversy between the parties relates to the validity and effect of the alleged contract and power of attorney, which, it is claimed, was executed by Reuben C. Loney in his lifetime, and the provisions of which, it is further claimed, were fully performed by Elva Loney during the lives of Reuben C. Loney and Julia A. Loney.
Elva Loney claims that in consideration of the performance by himself of certain services specified in said contract and power of attorney he was to receive the personal property therein designated, at the death of Reuben C. and Julia A. Loney.
During the progress of the trial the defendants Grace Doup (record, page 35) and Geneva Pealer (record, page 51) were offered as witnesses. They were daughters of Julia A. Loney, deceased. The trial court, upon the objection of plaintiff below, refused to permit these witnesses to testify, and it is urged by counsel for plaintiff in error that the trial court erred in such ruling.
In case No. 10341 both of these persons were named as parties defendant in the caption of the petition, but no allegation was made in the body of the petition against either of them.
*396 Mrs. Spohn, another daughter, was also named as a party defendant in the caption of the petition, but no allegation was made against her in the body of the [petition and she was not served with summons. I
Neither Mrs. Doup, Mrs. Pealer nor Mrs. Spohn filed an answer.
The only answer filed was by W. W. Walkey, as administrator of the estate of Julia A. Loney, deceased. It is claimed these persons were incompetent witnesses by reason of the provisions of Section 11495, General Code.
This section provides:
“A party shall not testify when the adverse party is the guardian or trustee of either a deaf and dumb or an insane person, or of a child of a deceased person, or is an executor or administrator, or claims or defends as heir, grantee, assignee, devisee, or legatee of a deceased person, exceptetc.
It will be observed that the adverse party in this case is Elva Loney, not the administrator, as these two witnesses and the administrator were joined as defendants by the plaintiff. Elva Loney is not claiming in this case as an heir, devisee or legatee, but is claiming under a contract and power of attorney alleged to have been executed by his father.
Under the reasoning found in the case of Elliott et al. v. Shaw, 32 Ohio St., 431, it seems apparent that the adverse party, namely, Elva Loney, could not be considered as a grantee. This then eliminates all of the provisions of said section except the term “assignee.”
*397 Assuming that Elva Loney could be considered as an assignee, which we consider doubtful, there is another reason which forces us to the conclusion that the trial court erred in rejecting the testimony of these two witnesses.
In the case of Wolf et al. v. Powner, Exr., 30 Ohio St., 472, Judge Scott, at page 476 of the opinion, says:
“We all concur in the opinion that the parties intended to be excluded from testifying by this section are the real, and not mere formal, nominal, and wholly unnecessary parties. This section only prohibits a party from testifying in an action where the adverse party sustains certain relations or characters, or comes within certain specified descriptions.”
See also reasoning of Judge Price in the case of Powell, Admx., v. Powell, Admx., 78 Ohio St., 331; also the following cases: Keyes v. Gore, 42 Ohio St., 211; Cochran v. Almack, 39 Ohio St., 314, and Williams v. Longley, Admr., 3 C. C., 508.
We are of opinion that Mrs. Doup and Mrs. Pealer were neither necessary nor proper parties to this proceeding. No relief was asked against either of them, and no averment was contained in the petition which affected either of them. They were not referred to in the petition except to be named in the caption thereof; and as to Mrs. Spohn she seems to have been so unnecessary that counsel for plaintiff did not even have her served with summons. No relief was asked against any of them. We cannot see what relief could have been asked *398 against any of them in a case of this nature. If the plaintiff is entitled to relief it will be necessary to work the same out through the administrator of Julia A. Loney. The administrator represents the estate of Julia A. Loney. Her daughters do not. The administrator was, therefore, the only real party in interest, and we think the trial court erred in refusing to allow these two witnesses to testify.
The record does not fully disclose what the excluded testimony would have been, and we are therefore unable to determine to what extent such testimony might bear upon the important questions of the execution and performance of the alleged contract and power of attorney.
In view of the fact that additional evidence may be offered upon these questions we do not deem it proper to express an opinion upon the weight of the evidence contained in the record now before us.
It is also claimed by counsel for plaintiff in error that case No. 10341 cannot be maintained for the reason that the plaintiff failed to file a claim with the administrator of the estate of Julia A. Loney, deceased, and have the same either allowed or rejected prior to the commencement of such suit.
An examination of the pleadings does not disclose any issue upon this question, nor was a demurrer filed to the petition upon the ground that same did not state a cause of action.
In addition to the above we are of opinion that in a case of this nature it would not be necessary to file a claim with the administrator of the estate of Julia A. Loney and have same rejected before suit could be brought.
*399 For error in excluding the testimony of Mrs. Doup and Mrs. Pealer the judgments of the lower court will be reversed and the causes will be remanded for new trial.

Judgments reversed, and causes remanded.

Allread and Ferneding, JJ., concur.
Judges of the Second Appellate District, sitting in place of Judges Shields, Houck and Patterson of the Fifth Appellate District.