FITZGERALD *v.* THE CLEVELAND CADILLAC CO.

*Court of appeals—Jurisdiction on appeal—Accounting between principal and agent—Commissions for sales—Jurisdiction unaffected by stipulation rendering accounting unnecessary, when.*

1. Where an agent is to be compensated by a commission on sales, and the books of such sales are kept by the principal only, and the amounts and sources of the commissions are known to the principal and not to the agent, the principal can be compelled in equity to account, and an appeal lies to the court of appeals from a decree rendered in such case.
2. Where equity has acquired jurisdiction in an action for accounting, such jurisdiction is not affected by a stipulation of fact during the hearing that renders an accounting unnecessary.

(Decided July 15, 1922.)

APPEAL: Court of Appeals for Cuyahoga county. ON MOTION to dismiss appeal.

*Mr. A. H. Fiebach,* for plaintiff.
*Messrs. Treadway & Marlatt,* for defendant.

MAUCK, J. The petition alleges that the plaintiff was employed by the defendant under written contract to act as sales manager in selling automobiles in Cuyahoga and Summit counties, at a

compensation of forty dollars per week and one per cent. on certain net retail sales in that territory; that the plaintiff entered upon that service in 1912 and so continued until 1919. The petition continues:

"Plaintiff says that defendant from time to time made payments to plaintiff on account of said commission on net retail sales, but that defendant fails and refuses, and has refused, though often requested so to do, to account to and with plaintiff for any balance due plaintiff on said commission account, and has refused and failed to state an account with plaintiff; that by reason thereof plaintiff is unable to state the exact amount due him from defendant, but plaintiff believes and therefore alleges that the commissions still due amount to approximately eight thousand dollars ($8,000).

"Wherefore, plaintiff prays that the defendant be required to render an account and for judgment against said defendant for the amount found due, and that plaintiff may have such other relief as is proper in the premises."

The defendant by answer admits the making of the original contract of employment as pleaded in the petition, and further pleads parol modification thereof, in that the parties in 1913 restricted the territory to be covered by the contract to Cuyahoga county. The answer concludes:

"Defendant further says that there has been no settlement of accounts between plaintiff and defendant; that the payment of commissions from time to time as aforesaid has been made without regard to plaintiff's adjustment for the loss on used cars as a part of the contract aforesaid and

which plaintiff agreed to pay, settlement of which was deferred as a matter of convenience, but by reason of which failure to make settlement plaintiff is now overpaid in the sum of about three hundred dollars ($300), which should now be accounted for in this action. Excepting as herein admitted defendant denies each and every allegation in plaintiff's petition.

"Wherefore, defendant joins in plaintiff's prayer for an accounting and prays for judgment against said plaintiff for the amount found due defendant from him and that defendant may have such other relief as the equity of the case may determine."

After the issues were thus joined the defendant filed an amended answer alleging that the amount with which plaintiff was chargeable on account of the loss on used cars was $1,242.75; that plaintiff is entitled to a credit of $939.73 on sales in Cuyahoga county; and that there is owing the defendant a balance of $303.02. The amended answer reiterates the prayer of the original answer for an accounting.

The reply was a general denial.

The cause came on to be heard by the court as an equity case. Whereupon, "a stipulation as to certain facts in this case was offered in evidence by counsel for the respective parties" to the effect that plaintiff had been paid in full his one per cent. commission on all cars delivered and paid for in Cuyahoga county prior to March 1, 1919; that plaintiff is entitled to $939.73 on cars sold in Cuyahoga county and paid for after March 1, 1919; and "that the net retail sales price of all cars sold in Summit county, exclusive of sub-agent

sales, during the period of plaintiff's employment, was seven hundred sixty-nine thousand, seven hundred fifty-five dollars ($769,755), and that if plaintiff is entitled to any commission on the same it is at the rate of one per cent. (1%), to-wit: $7,-697.55."

Testimony was adduced by the parties, and the trial court found for the plaintiff. The defendant perfected an appeal to this court. The plaintiff moves to dismiss the appeal on the ground that the case tried was not appealable. It is clear that both parties by the prayers of their respective pleadings sought to make the action an equitable one, and considered it to be such. Since *Black, Recr.,* v. *Boyd,* 50 Ohio St., 46, was overruled in *Willson Improvement Co.* v. *Malone,* 78 Ohio St., 232, courts of equity are not open to the recovery of money unless some peculiarly equitable relief is sought. The Supreme Court has recently laid down the rule, in *Complete Building Show Co.* v. *Albertson,* 99 Ohio St., 11, as follows:

"An action for the recovery of money as a debt or as damages is essentially an action at law and, where no fiduciary or trust relation exists between the parties, cannot be converted into a suit in chancery for an accounting by averments that facts relative to plaintiff's claim and the extent of his damages are not known to plaintiff but are within the knowledge of the defendant."

The case at bar, therefore, is not one for an accounting in equity, notwithstanding the prayers of the pleadings, if it involves nothing more than an accounting of debtor to creditor. It can secure a standing in chancery only by a showing that a fiduciary or trust relation existed between the par-

ties.   The relation of principal and agent does not necessarily involve a trust relation, such as guardian and ward, but it may do so, and where it does so chancery will entertain a cause arising from such relation.

"Where a fiduciary relation exists between the parties, and a duty rests upon the defendant to render an account to the plaintiff, equity will entertain jurisdiction. of a suit for an accounting, although the account is neither mutual nor complicated.   The most common of such cases are those involving trustees, guardians, executors and administrators, partners, *agents* and co-tenants * * * a *quasi* trust relation being sufficient.   The principal difficulty is in determining in what cases equity will take jurisdiction of an accounting between principal and agent.   * * *   Where the relation is such that a confidence is reposed by the principal in his agent, and the matters for which an accounting is sought are peculiarly within the knowledge of the latter, equity will assume jurisdiction.   While the rules are thus settled in favor of a principal, it does not follow that the reverse is true, and that an agent may come into equity for an accounting against his principal, since generally there is no trust or confidence reposed in the latter, and no duty on his part to account. But there are cases where an agent may maintain the action against his principal."   Pomeroy Eq. Rem., Secs. 931 and 932.

In *Davis* v. *Marshall*, 114 Va., 193, the court applied the general rule that the principal could not be called to account in chancery to the agent, but the court nevertheless recognized that the

general rule had its exceptions, when it said, at page 199:

"In *Smith* v. *Levaux*, 2 De G. J. & S. 1, it was held that a bill for an account would lie on behalf of an agent against his principal who has received certain sums upon which the former was entitled to a commission, and also, it is said, where the agent's salary depends upon the profits made by his employer."

The same exception is recognized in Ann. Cases, 1914B, 1028, note.

The conclusion, therefore, is that where the principal has received various sums of money on which the agent is entitled to a commission, and the amounts and sources of these sums are known to the principal and not known to the agent, and the books thereof are kept by the principal and not by the agent, the former is a trustee for the latter and equity will entertain an action to compel the principal to account for such commission. The petition in this case does not clearly recite all the facts necessary to develop this fiduciary relation, but all the pleadings together tend to show that relation. Furthermore, the petition was addressed to a court of equity and relief was granted by such court at the instance of the plaintiff, who ought not now be allowed to assert that his case was in fact at law. It is argued, however, that even if the case on the pleadings was one in equity it became one at law by reason of the stipulation quoted, the effect of which was to dispense with the necessity of an accounting and to leave for determination the sole question of whether the original written contract was subsequently modified by a parol agreement. The

argument is unsound. The stipulation did not appear of record until after the trial had commenced. The jurisdiction of the chancellor had attached by virtue of the pleadings (*Taylor* v. *Brown,* 92 Ohio St., 287), and could not be detached by a subsequent agreement in course of the trial upon some question of fact. It is too well settled to justify discussion that where chancery acquires jurisdiction such jurisdiction continues until full relief is granted to all parties thereto. *Oliver* v. *Pray,* 4 Ohio, 175, 195; *Gantz* v. *Gease, Gdn.,* 82 Ohio St., 34.

*Motion to dismiss appeal overruled.*

SAYRE and MIDDLETON, JJ., concur.

Judges of the Fourth Appellate District, sitting in place of JUDGES VICKERY, INGERSOLL and SULLIVAN, of the Eighth Appellate District.