948 F.2d 1283
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Jerome M. ROSS, Defendant-Appellee.
 No. 90-5391.
 United States Court of Appeals, Fourth Circuit.
 Argued May 10, 1991.
Decided Nov. 20, 1991.
 
 1
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. Robert Earl Maxwell, Chief District Judge. (CR-90-54)
 
 
 2
 Argued: Michael D. Stein, Assistant United States Attorney, Wheeling, W.Va., for appellant.
 
 
 3
 Gregory Tyrone Hinton, Fairmont, W.Va., for appellee.
 
 
 4
 On Brief: William A. Kolibash, United States Attorney, Betsy C. Steinfeld, Assistant United States Attorney, Wheeling, W.Va., for appellant.
 
 
 5
 N.D.W.Va.
 
 
 6
 AFFIRMED.
 
 
 7
 Before MURNAGHAN and NIEMEYER, Circuit Judges, and MURRAY, Senior United States District Judge for the District of Maryland, Sitting by Designation.
 
 OPINION
 MURRAY, Senior District Judge:
 
 8
 The government appeals from the district court's decision to grant a new trial in this criminal case. We are of the opinion that the district court did not abuse its discretion in ruling that the prosecutor's statements during closing argument were unduly prejudicial and required a new trial.
 
 
 9
 Defendant was charged with one count of mail fraud and one count of misapplying federally insured student loan funds in violation of 18 U.S.C. § 1341 and 20 U.S.C. § 1097(a). During cross-examination of a government witness, defense counsel inquired about the number of other students investigated for loan fraud. The witness indicated that about one hundred people were initially investigated and "fifty some people have been indicted." Then during closing arguments defense counsel stated:
 
 
 10
 You know, we have been here for three days and just one day, one day alone of this case has cost the government here more money than what this whole case is all about. This case is about what? $1,146.41; that's it. That's what this case is all about, ladies and gentlemen.
 
 
 11
 App. 384. During rebuttal, the prosecutor said:
 
 
 12
 This case is about a thousand dollars, that's right. But you have heard testimony that this case involves an investigation of over a hundred people. We're talking about a twenty-five hundred dollar loan. Mr. Hinton asked Mr. Murphy. "How many people--how many people have pled guilty? Fifty." This at one school in one city. This is a program that was created by honest people for honest people. If we're talking about the minimum amount of money, then we are talking about $50,000. If you want to send a message, the message is, "You don't go in and abuse a program meant to assist higher education." If you want to talk about a maximum amount of money on fifty cases, try $500,000 at one little school in one little three year period.
 
 
 13
 App. 395. Defense counsel did not object at this time, but moved for a mistrial after the jury was charged, arguing that the government misstated the evidence and prejudiced the defense by stating that fifty other students had pleaded guilty. Defense counsel argued:
 
 
 14
 I never asked him your Honor, in terms of how many guilty pleas there were. I asked him how many people were investigated and he said it started out around a hundred and it finally wound down to about sixty. And then I asked him how many indictments there were and he made some answer to that. But there was never any discussion about any guilty pleas.
 
 
 15
 The court stated that it would take the matter under advisement and review the transcripts. The jury returned a verdict of guilty as to both counts. By order dated September 28, 1990, the district court vacated the conviction and granted defendant a new trial. The district court reasoned:
 
 
 16
 In the case at bar ... it is clear from the context of the entire matter that the jury would have understood from the government's comment that those who had pleaded guilty were defendants whose situations were exactly that of the defendant on trial. The clear implication of the government's argument is that other individuals came forward and admitted their guilt; therefore, this defendant is guilty.
 
 
 17
 App. 14.
 
 
 18
 The government argues that it was abuse of discretion for the trial court to order a new trial. The prosecutor's statement, the government contends, was a minor mistake and would not have affected the verdict. Furthermore, the government argues that the statement was directly in response to the defense counsel's implication that the government was overzealously prosecuting a minor case. In addition, the government complains that the district court used the improper legal standard for determining whether the prosecutor's comments warranted a new trial.
 
 
 19
 This Court agrees with the government that the district court did not cite the proper Fourth Circuit standard for analyzing the issue presented. The district court relied on the Fifth Circuit's factors for evaluating the impact of a witness' guilty plea.* Rather, the proper standard in the Fourth Circuit for determining whether improper prosecutorial comment requires a new trial is set forth in United States v. Harrison, 716 F.2d 1050, 1052 (4th Cir.1983). Under Harrison, the court must consider the following factors:
 
 
 20
 (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters.
 
 
 21
 Id. at 1052 (citation omitted).
 
 
 22
 Although the district judge may have considered somewhat different factors than those articulated by this court of appeals, the district court did reach the conclusion that the jury was misled and the defendant was prejudiced by the prosecutor's remarks. The trial judge's assessment of juror bias is entitled to great appellate deference. Arizona v. Washington, 434 U.S. 497, 513 (1978). The trial judge "is the judge most familiar with the evidence and the background of the case on trial. He has listened to the tone of the argument as it was delivered and has observed the apparent reaction of the jurors." Id. at 514.
 
 
 23
 Turning to the other factors enumerated in Harrison, we note that the prosecutor's comments about guilty pleas of other persons were not extensive. However, both sides made comments and elicited evidence during trial about the investigation of a large number of students at the same school that defendant had attended. Thus, in the context of the whole trial, the prosecutor's comment may not have seemed isolated and may have had significance to the jury.
 
 
 24
 As for the government's case absent the remarks, the "competent proof introduced to establish the guilt of the accused" was not particularly strong. Ruling on a motion for acquittal after the close of all evidence, the district court commented that both counts presented "a close question." App. 362-363.
 
 
 25
 Finally, while we cannot say that the comments were "deliberately placed before the jury," the fact remains that there was an implication that fifty other students pleaded guilty, when in fact, the evidence at trial established only that approximately fifty students were indicted. The defense counsel did invite the prosecutor to comment on the wide scope of the investigation. However, the prosecutor was not entitled to state that numerous students pleaded guilty, when in fact they were only indicted.
 
 
 26
 On motion of defendant, the trial judge may grant a new trial "if required in the interest of justice." Fed.R.Civ.P. 33. Upon review of the record, giving due deference to the findings of the trial judge that the jury was misled, we conclude that the district court did not abuse its discretion in ordering a new trial.
 
 The judgment of the District Court is
 
 27
 AFFIRMED.
 
 NIEMEYER, Circuit Judge, dissenting:
 
 28
 During the course of the trial of this student loan fraud case, evidence was presented about the scope of the student loan fraud at West Virginia Northern Community College. The defendant was suggesting that it was a waste of taxpayers' money to prosecute him in connection with a $1000 loan. In trying to establish this defense through cross-examination, counsel for the defendant elicited testimony about the breadth of the fraudulent loan problem, namely that about a hundred students were targeted for investigation, that on investigation the number "dwindled down to about 60 or 70," and that "fifty some people have been indicted."
 
 
 29
 During closing arguments, after the defense argued that the case was so insignificant that it was a waste of taxpayers' money, the government's attorney recounted the evidence elicited by the crossexamination conducted by the defendant and argued to the jury that the problem was a significant one and not limited to the $1,000 at stake in the case, as suggested by the defense. The prosecutor stated:
 
 
 30
 Now, Mr. Hinton also asked Mr. Murphy, and we're getting into the significance of this case. This case is about a thousand dollars, that's right. But you have heard testimony that this case involves an investigation of over a hundred people. We're talking about a twenty-five hundred dollar loan. Mr. Hinton asked Mr. Murphy. "How many people--how many people have pled guilty? Fifty." This is at one school in one city. This is a program that was created by honest people for honest people. If we're talking about the minimum amount of money, then we are talking about $50,000.00. If you want to send a message, the message is. "You don't go in and abuse a program meant to assist higher education." If you want to talk about a maximum amount of money on fifty cases, try $500,000 at one little school in one little three year period.
 
 
 31
 (Emphasis supplied.)
 
 
 32
 Although the point being argued by the prosecutor was a fair one in light of defense and the evidence, the particular statistic given, that 50 students "have pled guilty," was a misstatement. The prosecutor should have said, "50 students have been indicted." In context, however, the misstatement was harmless error. It was of little significance to the point being made, that the practice was a larger problem which was not isolated to this particular case. Moreover, the prosecutor was recounting, albeit erroneously, evidence that the jury heard and about which the jury could surely have made its own judgment.
 
 
 33
 In United States v. Harrison, 716 F.2d 1050 (4th Cir.1983), we directed that four factors be considered in determining whether an improper prosecutorial comment requires a new trial:
 
 
 34
 (1) the degree to which the prosecutor's remarks have a tendency to mislead the jury and to prejudice the accused; (2) whether the remarks were isolated or extensive; (3) absent the remarks, the strength of competent proof introduced to establish the guilt of the accused; and (4) whether the comments were deliberately placed before the jury to divert attention to extraneous matters. Id. at 1052. I believe that none of the factors has been satisfied. As to the first, whether the comment was prejudicial, in addition to the error's insignificance on the point being made, it is noteworthy that counsel for the defendant did not find the misstatement by the prosecutor of sufficient impact to make an objection at the time. He waited until after the closing arguments had been completed and the jury had been charged before making a motion. As for the other factors, the remark was a single, isolated statement, inadvertently made about a matter which was in evidence, and the independent evidence of guilt was ample.
 
 
 35
 In granting a new trial because of this statement, the district court did not address the factors outlined in Harrison. It did not even cite Harrison. Rather, the court relied on a Fifth Circuit decision that is substantially at odds with the law of the Fourth Circuit.
 
 
 36
 The strict standard that the majority opinion now imposes on the prosecutor in this case would permit few trials to stand. When the message that the prosecutor was delivering to the jury (that the loan fraud in this case was part of a larger problem) was fully supported by the evidence, it was not prejudicial for the prosecutor to have mistakenly recounted that 50 "pled guilty" when he should have said that 50 "were indicted." I would reverse the district court's order granting a new trial, and therefore I respectfully dissent.
 
 
 
 *
 The district judge considered the following factors:
 [T]he presence or absence of a limiting instruction, whether there was a proper purpose in introducing the fact of a guilty plea, whether the plea was improperly emphasized or used as substantive evidence of guilt, and whether the introduction of the plea was invited by defense counsel.
 App. 13 (citation omitted).