NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 19-1108

_____

LOUIS MYERS,

Appellant

v.

GEICO CASUALTY COMPANY

_____

Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-17-cv-03933)
District Judge: Honorable Timothy R. Rice

_____

Submitted under Third Circuit LAR 34.1(a)
On December 10, 2019

Before: RESTREPO, ROTH and FISHER, Circuit Judges

(Opinion filed: December 8, 2020)

_____

OPINION*

_____

ROTH, Circuit Judge

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

This is a dispute over the interpretation of Pennsylvania insurance law. After Louis Myers was injured in a car accident, he sued Geico, alleging that Geico acted in bad faith when it failed to defend the driver of the vehicle that hit Myers. The District Court granted summary judgment for Geico, and Myers appealed. We will affirm the District Court's judgment.

## I.  FACTS

Henry Bond and Jasmine Tucker had a car insurance policy with Geico. Bond was at a family picnic with Tatiana Chapman, with whom Bond has a child. Bond gave Chapman his car keys to get the diaper bag out of Bond's car. Chapman saw some parking spots closer to the family picnic, so she decided to move Bond's car. While she was moving it, she hit and injured Myers.

Myers sued Bond, Tucker, and Chapman. Geico defended Bond and Tucker and paid out the liability limit for Bond. Because Chapman was not a named insured in the Geico policy, she could only be covered if she had Bond or Tucker's permission to drive the car.[1] Geico refused to defend Chapman because it concluded that she did not have permission. Chapman and Myers agreed to a stipulated judgment. Myers agreed not to execute the judgment against Chapman in exchange for any rights Chapman had under the Geico policy.

---

[1] The relevant portion of the insurance policy defines an additional insured as "any other person using the auto with your permission. The actual use must be within the scope of that permission." App. 139**.**

2

Myers then sued Geico for the amount of the stipulated judgment and for damages, alleging that Geico had failed in bad faith to defend Chapman. The District Court granted summary judgment for Geico because it determined that Chapman did not have permission to use the vehicle and so was not covered under the insurance policy. Myers appealed.

## II.    DISCUSSION

Myers contends that the District Court did not address his statutory and common-law bad faith claims against Geico and that it violated the four corners rule of Pennsylvania insurance law by looking outside the Complaint against Chapman to determine that Chapman was not insured under the policy. In addition, Myers claims that the District Court decided disputed issues of fact. Geico argues that the four corners rule applies only after determining that an individual is insured under a policy and that, because this is an unsettled area of Pennsylvania law, Geico could not have been acting in bad faith by relying on a reasonable interpretation of its legal obligations.

"We review a grant of summary judgment *de novo*."[2] A party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[3] We make all

---

[2] *Post v. St. Paul Travelers Ins. Co.*, 691 F.3d 500, 514 (3d Cir. 2012) (citing *Azur v. Chase Bank, USA, Nat'l Ass'n*, 601 F.3d 212, 216 (3d Cir. 2010)).
[3] Fed. R. Civ. P. 56(a).

3

inferences in favor of the nonmoving party.[4] "We may affirm the District Court's order granting summary judgment on any grounds supported by the record."[5]

Under Pennsylvania law, an insurer has a "broad duty to defend."[6] That duty "obligate[s] [an insurer] to defend its insured if the factual allegations of [a] complaint on its face encompass an injury that is actually or potentially within the scope of the policy."[7] To determine "whether a claim against an insured is potentially covered," we apply the four corners rule "by comparing the four corners of the insurance contract to the four corners of the complaint."[8] "An insurer may not justifiably refuse to defend a claim against its insured unless it is clear from an examination of the allegations in the complaint and the language of the policy that the claim does not potentially come within the coverage of the policy."[9] The duty to defend continues "until such time that the claim is confined to a recovery that the policy does not cover."[10]

An insurer that, "with no good cause, refuses to provide a defense" can be liable for damages under 42 Pa. C.S. § 8371 for acting in bad faith.[11] To show bad faith, a plaintiff must show "by clear and convincing evidence, (1) that the insurer did not have a reasonable basis for denying benefits under the policy and (2) that the insurer knew or

---

[4] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).
[5] *Nicini v. Morra*, 212 F.3d 798, 805 (3d Cir. 2000) (en banc).
[6] *Am. and Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.*, 2 A.3d 526, 540 (Pa. 2010).
[7] *Id.* at 541 (internal citations omitted).
[8] *Id.* (citing *Donegal Mut. Ins. Co. v. Baumhammers*, 938 A.2d 286, 290 (Pa. 2007)).
[9] *Id.* (citing *Gen. Acc. Ins. Co. of Am. v. Allen*, 692 A.2d 1089, 1094 (Pa. 1997)).
[10] *Allen*, 692 A.2d at 1095.
[11] *Jerry's Sport Ctr., Inc.*, 2 A.3d at 545–46.

recklessly disregarded its lack of a reasonable basis in denying the claim."[12]  Although a

plaintiff need not show that the insurer acted with "self-interest or ill-will," such evidence

may be relevant to showing knowledge or reckless disregard.[13]

Neither we nor the Pennsylvania Supreme Court has explicitly decided whether

the four corners rule applies when an insurer initially determines that an individual is not

an insured under the policy and that individual then faces a lawsuit.[14]  Although not a

ground the District Court relied on, Geico argues that because Pennsylvania law in this

area is unsettled, it cannot be bad faith to rely on a reasonable reading of state law.[15]  We

agree; because Pennsylvania courts have not ruled on this issue,[16] Geico did not act in

bad faith after it "reasonably determined that [Chapman] was not an insured under the

Policy."[17]

---

[12] *Rancosky v. Washington Nat'l Ins. Co.*, 170 A.3d 364, 377 (Pa. 2017).

[13] *Id.*

[14] Although Myers has requested we certify this issue to the Pennsylvania Supreme Court, we are no strangers to predicting state law, including Pennsylvania insurance law. *See, e.g.*, *Lupu v. Loan City LLC*, 903 F.3d 382, 394 (3d Cir. 2018) (predicting Pennsylvania law on a title insurance question).

[15] *See Brown v. Progressive Ins. Co.*, 860 A.2d 493, 501 (Pa. Super. 2004) ("[O]ur [c]ourts have not recognized bad faith . . . where the insurer made a reasonable legal conclusion based on an area of the law that is uncertain or in flux.") (internal citations omitted); *J.H. France Refractories Co. v. Allstate Ins. Co.*, 626 A.2d 502, 510 (Pa. 1993) ("[W]e cannot impute to the insurers any bad faith in contesting their obligations to defend and indemnify the . . . claims . . . when excessive pluralism and disparity exists in the decisions of the many courts which have entertained similar litigation.").

[16] *See Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) ("Here, the Supreme Court of Pennsylvania has not addressed this precise question, so we must predict how it would decide the issue were it confronted with the problem.") (internal citations omitted).

[17] App. 14.

Moreover, turning to the merits of whether the Pennsylvania Supreme Court would hold that there is coverage there, we conclude that, when the insurer determines a claim is outside the scope of the insurance policy before a suit is filed, it has no duty to defend because it has effectively "confine[d] the claim to a recovery that the policy [does] not cover."[18] That is precisely what Geico did here. Geico investigated Myers's claim against Bond before Myers sued and determined that Chapman did not have permission to use Bond's car. After that determination, the four corners rule no longer applied. Geico did not have a duty to defend, and its actions do not show bad faith.[19]

Myers also alleges that Geico acted in bad faith in conducting its investigation. Claims for bad faith under § 8371 extend to an insurer's investigation.[20] Good faith in this context requires that an insurance determination be "made diligently and accurately, pursuant to a good faith investigation into the facts" that is "sufficiently thorough to provide [the insurer] with a reasonable foundation for its actions."[21] And, "if evidence

---

[18] *Gardner v. State Farm Fire and Cas. Co.*, 544 F.3d 553, 561 (3d Cir. 2008) (quoting *Cadwallader v. New Amsterdam Cas. Co.*, 154 A.2d 484, 488 (Pa. 1959)).

[19] Additionally, Myers argues that Geico's decision to settle the negligent entrustment claim against Bond was fundamentally inconsistent with Geico's finding that Chapman did not have Bond's permission to use his car. But Geico made this decision after Bond refused to cooperate with the defense of the claims. It is reasonable and not inconsistent for Geico to settle this claim after determining it would be difficult to defend the claim against Bond without his testimony.

[20] *Rancosky v. Washington Nat. Ins. Co.*, 130 A.3d 79, 94 (Pa. Super. 2015), *aff'd*, 170 A.3d 364 (Pa. 2017).

[21] *Id.* at 94 (internal citations omitted).

arises that discredits the insurer's reasonable basis, the insurer's duty of good faith and fair dealing requires it to reconsider its position and act accordingly."[22]

Myers alleges that Geico's investigation was inadequate because Geico set out to disclaim coverage of Chapman. According to Myers, Geico ignored the possibility of implied permission. But although Myers alleges that Geico never investigated whether Chapman had implied permission, Myers does not allege that Geico had any reason to believe that Chapman did have implied permission. As the District Court noted, and Myers does not contest, "permission cannot be implied from possession and use of the automobile without the knowledge of the named insured."[23] Myers has pointed to nothing that Bond did, other than hand Chapman the keys to his car to retrieve a diaper bag, to lead Chapman to believe she also had permission to start the car and move it to a closer parking spot. Moreover, Chapman told the Geico claim representative that she had never used the car before. These facts did not give Geico any reason to investigate implied permission.

Myers points to the affidavit Chapman submitted in the District Court as showing the inadequacy of Geico's investigation and creating a dispute of material fact. But Chapman's statements in her affidavit do not support a claim of implied permission. She states in her affidavit that she "assumed that [she] was not doing anything wrong in moving the car," that she "did not think that [she] was not allowed to move the car," and

---

[22] *Condio v. Erie Ins. Exchange*, 899 A.2d 1136, 1145 (Pa. Super. 2006); *see also Rancosky*, 130 A.3d at 96–97, 98.

[23] *Fed. Kemper Ins. Co. v. Neary*, 530 A.2d 929, 931 (Pa. Super. 1987) (internal quotations and citations omitted).

7

that she would have told Geico so had they asked.[24]  But whether Chapman believed she was doing anything wrong by using the car is irrelevant to implied permission for "[t]he critical question will always be whether the named insured said or did something that warranted the belief that the ensuing use was with his consent."[25]

Finally, although the standard for common law bad faith diverges from statutory bad faith, even Myers recognizes that the common law action for bad faith is a contract claim.[26]  Thus, because Chapman was not an insured, she was not party to the contract, and she had no common law contract claim to assign to Myers.[27]

### III.    CONCLUSION

Geico did not have a duty to defend Chapman once it investigated Myers's claim and determined that Chapman did not have permission to use Bond's car.  Without a duty to defend, Myers's claim for bad faith against Geico fails.  We will affirm the District Court's grant of summary judgment for Geico.

---

[24] App. 740–41.

[25] *Fed. Kemper Ins. Co.*, 530 A.2d at 931 (internal quotations and citations omitted).

[26] *See Haugh v. Allstate Ins. Co.*, 322 F.3d 227, 236 (3d Cir. 2003).

[27] *See Birth Ctr. v. St. Paul Companies*, 787 A.2d 376, 386 n.12 (Pa. 2001) (noting that "common law contract rights permit an insured to recover compensatory damages in bad faith actions"); *Howes v. Scott*, 73 A. 186, 187 (Pa. 1909) ("At common law no one could maintain an action upon a contract to which he was not a party.").