**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2580
_____

AYANA M. ALBURG;
TIMOTHY Q. EDWARDS,
Appellants

v.

ELIJAH K. JONES; THOMAS G. FALCON;
DOUGLAS DRAKE; COLONEL ROBERT EVANCHICK;
DETECTIVE LT. CHARLES A. PALO; TIMOTHY KEARNEY;
CAPTAIN SCOTT WILLOUGHBY; TOWNSHIP OF RIDLEY;
JOHN DOE

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-20-cv-02419)
District Court Judge: Honorable Petrese B. Tucker

_____

Argued June 21, 2022

Before: McKEE,* RESTREPO, and BIBAS, *Circuit Judges*

(Filed:  April 7, 2023)


Robert F. Salvin                    [**ARGUED**]
Suite 300
Two Bala Plaza
Bala Cynwyd, PA 19004

_____

* Judge McKee assumed senior status on October 21, 2022.

*Counsel for Appellants*

Robert P. DiDomenicis        [**ARGUED**]
Holsten Associates
115 Jackson Street
Media, PA 19063

Claudia M. Tesoro           [**ARGUED**]
Office of the Attorney General
1600 Arch Street
Suite 300
Philadelphia, PA 19103
                    *Counsel for Appellees*

OPINION[*]

**McKEE**, *Circuit Judge*

Ayana M. Alburg and Timothy Q. Edwards appeal the District Court's grant of the

Defendants' motion to dismiss the civil rights action Alburg and Edwards brought against

them pursuant to 42 U.S.C. § 1983.[1] For the reasons that follow, we will affirm in part

and reverse in part.[2]

---

[*] This disposition is not an opinion of the full Court and under I.O.P. 5.7 does not constitute binding precedent.

[1] Alburg and Edwards sued four members of the Pennsylvania State Police: Elijah K. Jones, Thomas G. Falcon, Douglas Drake, and Robert Evanchick. They also sued three members of the Ridley Township Police Department: Charles A. Palo, Jr., Timothy Kearney, Scott Willoughby, as well as the Township of Ridley. In addition to these eight named Defendants, Alburg and Edwards sued a John Doe Defendant.

[2] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We review a district court's grant of a motion to dismiss de novo. *Morrow v. Bilaski*, 719 F.3d 160, 165 (3d Cir. 2013) (en banc). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the light most favorable to the plaintiff, a court finds that plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011).

## I.

The entirety of this civil rights litigation stems from a $693 loan that Alburg received from Auto Equity Loans of Delaware, LLC ("AEL"), which had an alarming 300% interest rate and was secured by a lien against her car.[3] AEL determined the loan was in default and hired Top Notch Recovery, Inc. ("Top Notch") to repossess Alburg's car. After Top Notch repossessed the car, Top Notch allowed Alburg to access her car to recover personal possessions. Alburg only intended to take items from her car when she visited Top Notch's secure lot, but when she realized that the gate to the lot was open, she drove away in her car instead. A Top Notch employee called the police and reported the car stolen.

A few weeks later, Edwards was driving Alburg's car when the police pulled him over, arrested him, and seized Alburg's car. Even though Edwards had permission to drive Alburg's car, he was charged with receiving stolen property, unauthorized use of a motor vehicle, and driving on a suspended license. Alburg was also charged with theft by unlawful taking, theft by deception, and unauthorized use of a motor vehicle because she took her car from Top Notch's lot.

All charges against Edwards and Alburg were eventually dismissed, except Edwards pled guilty to a summary offense of driving on a suspended license. Despite the

---

[3] At the outset we note that our silence regarding the exorbitant interest rate that was charged as well as the business practices of the parties to this dispute should not be interpreted as suggesting approval of the interest rate or those business practices. Those issues are simply not before us.

dismissal of charges, Alburg's car was not returned to her. Instead, the police facilitated the return of Alburg's car to AEL, and Alburg never regained possession.

## II.

In response to law enforcement's actions, Edwards and Alburg brought claims of false arrest, false imprisonment, and malicious prosecution, in violation of the Fourth and Fourteenth Amendments, as well as a failure to train claim.[4] Alburg also brought a claim for an unlawful seizure of property and a deprivation of procedural due process based on the seizure of her car, in violation of the Fourth and Fourteenth Amendments. Although the District Court dismissed all claims against all Defendants, not every Defendant moved for dismissal. Furthermore, the District Court failed to analyze some of Alburg's and Edwards' claims. Because of these errors and omissions, as well as an intervening change in law, we will reverse the dismissal of most of the claims and remand them for more thorough consideration by the District Court at the motion to dismiss stage.

We begin by addressing the claims brought against Defendants Elijah K. Jones and Robert Evanchick. We reverse the dismissal of all claims against Defendant Elijah K. Jones because he concedes that he did not move to dismiss the claims brought against him and they should be reinstated. We affirm the dismissal of all claims against Evanchick because the District Court properly determined that Evanchick could not be

---

[4] For most of the constitutional claims, Alburg and Edwards also brought analogous state law tort claims. However, the District Court did not address the state law claims, and Alburg and Edwards do not address them on appeal. Accordingly, they have waived the state law claims. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005), *as amended* (Mar. 8, 2005) ("It is well settled that an appellant's failure to identify or argue an issue in his opening brief constitutes waiver of that issue on appeal.").

4

held liable since the Amended Complaint failed to allege that Evanchick had any personal involvement in the violations.[5] We address the remainder of the clams in turn.

### A. Unlawful Seizure and Procedural Due Process Claims

The District Court only addressed the due process claim against Jones who did not move for dismissal and failed to address these claims brought against other Defendants. Therefore, we will reverse the dismissal of Alburg's unlawful seizure and procedural due process claims.

### B. False Arrest and False Imprisonment Claims

To succeed on false arrest and false imprisonment claims, a plaintiff must establish a lack of probable cause to arrest and imprison.[6] "False arrest and false imprisonment claims will 'necessarily fail if probable cause existed for any one of the crimes charged against the arrestee.'"[7] The District Court dismissed Edwards' false arrest and false imprisonment claims because Edwards pled guilty to driving on a suspended license thus providing probable cause to arrest and imprison him. Edwards argues that his conviction for driving on a suspended license cannot establish probable cause for his arrest and imprisonment because it is a non-jailable summary offense that is only punishable by a $200 fine. We agree with the District Court that this argument is meritless because Supreme Court precedent establishes that "[i]f an officer has probable

---

[5] *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*.").

[6] *Harvard v. Cesnalis*, 973 F.3d 190, 199 (3d Cir. 2020).

[7] *Id.* (quoting *Dempsey v. Bucknell Univ.*, 834 F.3d 457, 477 (3d Cir. 2016)).

cause to believe that an individual has committed even a very minor criminal offense in his presence, he may, without violating the Fourth Amendment, arrest the offender."[8] This holds true even if state law would prohibit arrest for such a minor offense.[9] Therefore, we will affirm the District Court's dismissal of Edwards' false arrest and false imprisonment claims.[10]

Despite addressing Edwards' claims, the District Court failed to address Alburg's false arrest and false imprisonment claims.[11] Therefore, we will reverse the District Court's dismissal of Alburg's false arrest and false imprisonment claims.

### C. Malicious Prosecution Claims

To prove a malicious prosecution claim, a plaintiff must establish that:

(1) the defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated

---

[8] *Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001).

[9] *Virginia v. Moore*, 553 U.S. 164, 176 (2008) ("We conclude that warrantless arrests for crimes committed in the presence of an arresting officer are reasonable under the Constitution, and that while States are free to regulate such arrests however they desire, state restrictions do not alter the Fourth Amendment's protections.").

[10] The District Court dismissed Edwards' false arrest and false imprisonment claims against Defendant Falcon on the basis that Falcon had no personal involvement in Edwards' arrest and imprisonment. We need not reach this basis for dismissal of these claims because Edwards cannot establish a lack of probable cause for his arrest and imprisonment. Edwards also brought false arrest and false imprisonment claims against Jones. The claims against Jones will not be dismissed because Jones did not move for dismissal.

[11] In a single paragraph of the opinion that purported to address all of Alburg's claims against Falcon, including false imprisonment and false arrest, the District Court concluded without any analysis that Falcon's "investigation as to whether [Alburg] had stolen a vehicle that was legitimately reported as stolen can't constitute a violation of her rights. [Therefore], [t]he claims against Corporal Falcon are also dismissed." App. 12. Because this analysis is clearly deficient and does not actually address Alburg's false imprisonment and false arrest claims, these claims will be remanded to the District Court for more thorough consideration.

without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding.[12]

The District Court dismissed Edwards' malicious prosecution claims against Defendants Charles A. Palo, Jr. and Timothy Kearney based on Edwards' conviction for driving on a suspended license. The District Court concluded that Edwards could not succeed because the criminal proceeding did not end in his favor and there was probable cause for his arrest. The District Court reached this conclusion in part based on its reliance on *Kossler v. Crisanti*, 564 F.3d 181 (3d Cir. 2009), which has since been abrogated by *Thompson v. Clark*, 142 S. Ct. 1332 (2022). It reasoned that Edwards' criminal proceeding did not result in favorable termination because he pled guilty to driving on a suspended license. It failed to acknowledge, however, that *Kossler* "d[id] not hold that there is never favorable termination unless a plaintiff is acquitted of all charges."[13] Moreover, the District Court erred in concluding that Edwards could not succeed on his malicious prosecution claim as to any of the charges on the basis that probable cause existed as to one of Edwards'

---

[12] *Est. of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003).

[13] *Kossler v. Crisanti*, 564 F.3d 181, 192 (3d Cir. 2009), *abrogated by Thompson v. Clark*, 142 S. Ct. 1332 (2022). *Thompson* abrogated *Kossler*'s holding that a favorable termination requires an affirmative indication of innocence and held that a plaintiff only needs to show that the prosecution ended without a conviction to establish a favorable termination. *Thompson*, 142 S. Ct. at 1335–36. *Thompson* did not address whether a proceeding can ever terminate in a plaintiff's favor when the prosecution did not end without a conviction on every charge. *Kossler* left open the possibility that even when a plaintiff is convicted on one charge but not the other, a court may still hold that the criminal proceeding favorably terminated if the charged offenses "contained distinct statutory requirements" and "aimed to punish two different sets of conduct." *Kossler*, 564 F.3d at 191.

charges—driving on a suspended license. By doing so, it failed to acknowledge our precedent that "[f]or malicious prosecution, probable cause on one charge 'does not foreclose a malicious prosecution cause of action' as to a separate charge which lacks probable cause."[14] In light of *Kossler*'s abrogation and these errors, we will reverse the District Court's dismissal of Edwards' malicious prosecution claims against Palo and Kearney.

Although we reverse the dismissal of Edwards' malicious prosecution claims against Palo and Kearney, we will affirm the District Court's dismissal of Edwards' malicious prosecution claims against Defendant Falcon. We agree with the District Court that Falcon cannot be held liable because the Amended Complaint fails to allege that Falcon had any personal involvement in Edwards' prosecution.[15]

Despite addressing Edwards' claims, the District Court failed to address Alburg's malicious prosecution claims.[16] Therefore, we will reverse the District Court's dismissal of Alburg's malicious prosecution claims.

---

[14] *Harvard*, 973 F.3d at 199 n.3 (quoting *Johnson v. Knorr*, 477 F.3d 75, 83 (3d Cir. 2007)).

[15] *See Rode*, 845 F.2d at 1207 ("A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of *respondeat superior*."). Although it does not alter our analysis, the District Court made a factual error when it stated that Falcon's involvement in the case came after Edwards' preliminary hearing. The Amended Complaint and attached exhibits establish that Falcon drafted his investigative report on September 6, 2018 and Edwards' preliminary hearing occurred on October 29, 2018. Regardless, the Amended Complaint does not contain sufficient allegations of personal involvement.

[16] In the same single paragraph of the opinion that purported to address Alburg's false imprisonment and false arrest claims, the District Court concluded without any analysis that Alburg could not succeed on her malicious prosecution claim against Falcon because his "investigation as to whether [Alburg] had stolen a vehicle that was legitimately

### D. Failure to Train Claims

The District Court dismissed Edwards' and Alburg's failure to train claims because "there was not an underlying constitutional violation"; thus, the failure to train claims "premised on the existence of a constitutional violation inherently fail[ed]."[17] Because several of the constitutional claims may now survive on remand, we will reverse the District Court's denial of Alburg's and Edwards' failure to train claims.

### III.

For the above reasons, we will affirm the District Court's order granting Defendants' motions to dismiss on the following: (1) Alburg's and Edwards' claims against Evanchick; (2) Edwards' false arrest and false imprisonment claims;[18] and (3) Edwards' malicious prosecution claim against Falcon. We will vacate the District Court's order granting Defendants' motions to dismiss on the following: (1) Alburg's and Edwards' claims against Jones; (2) Alburg's unlawful seizure, procedural due process, false arrest, false imprisonment, malicious prosecution, and failure to train claims;[19] (3) Edwards' malicious prosecution claims against Palo and Kearney; and (4) Edwards'

---

reported as stolen can't constitute a violation of her rights. [Therefore], [t]he claims against Corporal Falcon are also dismissed." App. 12. As we previously stated, this analysis is clearly deficient and does not actually address Alburg's malicious prosecution claim. Therefore, we will remand this claim against Falcon to the District Court for more thorough consideration.

[17] App. 13.

[18] With the exception that we will reverse the dismissal of Edwards' claims against Jones because Jones did not move to dismiss them.

[19] With the exception that we will affirm the dismissal of Alburg's claims against Evanchick.

failure to train claims.[20] On remand, the District Court must reconsider Defendants'

motions to dismiss these claims and fully address whether they merit dismissal.

---

[20] With the exception that we will affirm the dismissal of Edwards' claim against Evanchick.